UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| VITO MANNINO, | : | |
| Plaintiff, | : | Civ. No. 23-22373 (RBK) (SAK) |
| v. | : | |
| DR. COLLINS, et al., | : | **MEMORANDUM & ORDER** |
| Defendants. | : | |

Plaintiff is a state prisoner at South Woods State Prison in Bridgeton, New Jersey. He is proceeding pro se with a civil complaint filed pursuant to 42 U.S.C. § 1983. Previously, this Court granted Plaintiff's application to proceed in forma pauperis. *See* ECF 3. This Court must screen Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or whether Plaintiff seeks monetary relief from a defendant who is immune from suit.

The allegations of the complaint are construed as true for purposes of screening Plaintiff's complaint. Plaintiff names two Defendants: (1) Dr. Collins – Head Doctor Extended Care Unit South Woods State Prison; and (2) Jane Doe Nurse Assistants - Extended Care Unit South Woods State Hospital.

Plaintiff states he is paralyzed and that Dr. Collins left him in pain for months and neglected providing him care. This caused Plaintiff to develop bed sores and an infection such that Plaintiff was rushed to the hospital. Plaintiff alleges that the Jane Doe Nurse Assistants failed to check on Plaintiff, ignored Plaintiff's cries for pain and refused to change his diapers which caused Plaintiff to lay in his own feces for weeks at a time. Plaintiff seeks monetary damages.

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding in forma pauperis. *See* 28 U.S.C. § 1915(e)(2)(B). The PLRA directs district courts to sua sponte dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *see also Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive a court's screening for failure to state a claim, the complaint must allege sufficient factual matter to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Pro se pleadings are liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

In this case, Plaintiff is seeking redress under 42 U.S.C. § 1983. A plaintiff may have a cause of action under § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff sues the Defendants for purportedly violating his Eighth Amendment rights.

> For the delay or denial of medical care to rise to a violation of the Eighth Amendment's prohibition against cruel and unusual punishment, a prisoner must demonstrate "(1) that defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." *Rouse v. Plantier,* 182 F.3d 192, 197 (3d Cir. 1999). Deliberate indifference requires proof that the official "knows of and disregards an excessive risk to inmate health or safety." *Natale v. Camden Cnty. Corr. Facility,* 318 F.3d 575, 582 (3d Cir. 2003) (quoting *Farmer v. Brennan,* 511 U.S. 825, 837

> (1994)). We have found deliberate indifference where a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a nonmedical reason; or (3) prevents a prisoner from receiving needed or recommended treatment." *Rouse,* 182 F.3d at 197. Deference is given to prison medical authorities in the diagnosis and treatment of patients, and courts "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... (which) remains a question of sound professional judgment." *Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979) (quoting *Bowring v. Godwin,* 551 F.2d 44, 48 (4th Cir. 1977)). Allegations of negligent treatment or medical malpractice do not trigger constitutional protections. *Estelle v. Gamble,* 429 U.S. 97, 105-06 (1976).

*Pierce v. Pitkins,* 520 F. App'x 64, 66 (3d Cir. 2013). Deliberate indifference can also be found "where the prison official persists in a course of treatment in the face of resultant pain and risk of permanent injury." *See McCluskey v. Vincent,* 505 F. App'x 199, 202 (3d Cir. 2012) (internal quotation marks and citation omitted). "A medical need is serious if it 'has been diagnosed by a physician as requiring treatment,' or if it 'is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'" *See Mitchell v. Beard,* 492 F. App'x 230, 236 (3d Cir. 2012) (*quoting Atkinson v. Taylor*, 316 F.3d 257, 272-73 (3d Cir. 2003) (quoting *Monmouth Cnty. Inst. Inmates v. Lanzaro,* 834 F.2d 326, 347 (3d Cir. 1987))).

At this early screening stage, Plaintiff has sufficiently stated an Eighth Amendment claim against Dr. Collins and the Jane Doe Nurse Assistants to allow his complaint to proceed past screening in its entirety. However, Plaintiff cannot serve Jane Does. Thus, he will have to name the specific Nurse Assistants involved in the care (or lack thereof) Plaintiff received in any amended complaint he may be elect to file so that service on them can be effectuated.

Therefore, IT IS on this 20th day of May, 2024,

ORDERED that Plaintiff's complaint shall be permitted to proceed past screening; and it is further

ORDERED that the Clerk shall provide to Plaintiff a transmittal letter explaining the procedure for completing the United States Marshal ("Marshal") 285 Form ("USM-285 Form") as to Defendant Dr. Collins; and it is further

ORDERED that once the Clerk receives the USM-285 Form from Plaintiff, the Clerk shall issue summons in connection with each USM-285 Form that has been submitted by Plaintiff; and the Marshal shall serve the summons, the complaint (ECF 1) and this memorandum and order on the address specified on the USM-285 Form, with all costs of service advanced by the United States; and it is further

ORDERED that the Defendant Dr. Collins shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

ORDERED the Clerk shall also serve on Plaintiff by regular U.S. mail the following: (1) a copy of this memorandum and order; and (2) a blank copy of a motion for the appointment of pro bono counsel in a prisoner civil rights case should Plaintiff elect to file such a motion.

s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge